IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>DARYL LINNEAR<br><br>           Petitioner,<br><br>    v.<br><br>STEVEN C. BRYANT, Warden, and<br>Lisa Madigan, Attorney General of<br>Illinois,<br><br>           Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 06 C 4649<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Daryl Linnear's ("Linnear") request for a certificate of appealabiltiy. For the reasons stated below, we deny the request for a certificate of appealability.

### BACKGROUND

Linnear was convicted in Illinois state court in a bench trial of first degree murder and on February 13, 2001, he was sentenced to twenty years in prison. Linear appealed the conviction and on November 25, 2002, an Illinois appellate court affirmed the trial court. Linear then filed a petition for leave to appeal to the Illinois

1

Supreme Court and the petition was denied on April 2, 2003. Linnear then filed a post-conviction petition, which was dismissed by an Illinois state trial court on April 30, 2003. On November 5, 2004, an Illinois appellate court affirmed the trial court. Linnear then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on December 1, 2005. On August 28, 2006, Linnear filed a petition ("Petition") in this court seeking relief pursuant to 28 U.S.C. § 2254 and on May 24, 2007, we denied the Petition. Linnear has appealed from this court's May 24, 2007 ruling and requests a certificate of appealability.

**LEGAL STANDARD**

If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal that ruling, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**DISCUSSION**

Linnear raised seventeen grounds for relief in his Petition. Linear argued that

he received ineffective assistance of counsel at trial based on his counsel's alleged failure to: call certain defense witnesses at trial (Ground 1), discuss facts with Linnear (Ground 2), ask about a plea bargain (Ground 3), properly cross-examine witnesses (Ground 4), object to hearsay and to conflicting testimony (Ground 5), recognize a conflict of interest (Ground 6), obtain a forensic or scientific expert (Ground 7), object to prosecutorial misconduct (Ground 8), make proper strategic decisions (Ground 9), prepare for trial (Ground 10), properly impeach witnesses (Ground 11), show the bias of witnesses (Ground 12), make an effective closing argument (Ground 13), and to accurately inform Linnear of the pertinent law (Ground 14). Linnear also alleges separately that the cumulative effect of the above mentioned alleged errors showed that his trial counsel's representation was inadequate (Ground 15) and that the State of Illinois did not prove Linnear guilty beyond a reasonable doubt (Ground 16). Finally, Linnear contends that his appellate counsel on direct appeal erred by failing to raise the above alleged errors committed by his trial counsel (Ground 17).

I. Grounds 4, 9, and 15

In regards to Grounds 4, 9, and 15, Linnear did not properly raise the grounds earlier in the state court proceedings and thus the grounds are procedurally defaulted. *See Daniels v. Knight*, 476 F.3d 426, 430 (7th Cir. 2007)(quoting *Dretke v. Haley,* 541 U.S. 386, 388 (2004))(stating that claims not "fairly presented" to the state appellate courts can only be presented upon a "showing of cause and prejudice to

3

excuse the default," or if "a miscarriage of justice will result if [the court does] not consider the merits of [the] case"). In our May 24, 2007 ruling, we also noted that Grounds 4, 9, and 15 were without any merit. Linnear has not shown that this court's ruling was incorrect as to Grounds 4, 9, and 15. Nor has Linnear shown cause for his failure to raise Grounds 4, 9, and 15 earlier. Also, Linnear has not shown that he will suffer actual prejudice or that a fundamental miscarriage of justice will occur if this court does not entertain Grounds 4, 9, and 15 at this juncture. Thus, Linnear has not made a substantial showing of the denial of a constitutional right in regard to Grounds 4, 9, and 15, and he has not shown that the grounds deserve further encouragement on appeal.

II. Grounds 1 through 3, Grounds 5 through 8, and Grounds 10 through 14

Grounds 1 through 3, Grounds 5 through 8, and Grounds 10 through 14 are procedurally defaulted since they were not raised through a complete round of the state appellate process. Also, in our May 24, 2007 ruling, we found that the above grounds lacked any merit. Linnear has not shown that this court's prior ruling concerning the above grounds was incorrect. Nor has Linnear shown cause for his failure to raise the above grounds earlier. Also, Linnear has not shown that he will suffer actual prejudice or that a fundamental miscarriage of justice will occur if this court does not entertain the above grounds at this juncture. Thus, Linnear has not made a substantial showing of the denial of a constitutional right in regard to Grounds 1 through 3, Grounds 5 through 8, and Grounds 10 through 14, and he has

not shown that the above grounds deserve further encouragement on appeal.

III.  Ineffective Assistance of Appellate Counsel (Ground 17)

Linnear asserted in Ground 17 of his Petition that his appellate counsel on direct appeal did not render effective assistance of counsel due to his failure to raise the alleged errors made by Linnear's trial counsel.  (Pet. 3A).  However, there is no indication in the record that the representation by Linnear's trial counsel was not "'within the wide range of reasonable professional assistance. . . .'" *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007)(quoting in part *Strickland v. Washington,* 466 U.S. 668, 689 (1984))(stating that a trial counsel's decision "will not be judged with the benefit of hindsight").  As we explained in our May 24, 2007 ruling, the arguments that Linnear desired his trial or appellate counsel to present were frivolous.  Ground 17 thus lacks any merit.  Linnear has not made a substantial showing of the denial of a constitutional right as to Ground 17 and he has not shown that Ground 17 deserves further encouragement on appeal.

IV.  Whether the State Proved that Linnear was Guilty (Ground 16)

Linnear asserted in Ground 16 of his Petition that the State failed to prove him guilty beyond a reasonable doubt.  The due process rights of a defendant in a criminal case are "satisfied if, viewing the evidence in the light most favorable to the prosecution, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir.

2003) (emphasis in original)(quoting in part *Jackson v. Va.,* 443 U.S. 307 (1979)). As we noted in our May 24, 2007 ruling, based upon the eyewitness testimony of Linnear's neighbors and other evidence presented at trial, a reasonable trier of fact could have found him guilty if the trier of fact found the neighbors' testimony at trial and other evidence to be credible. The minor inconsistency in the neighbors' testimony pointed to by Linnear was inconsequential and did not render their testimony inherently unreliable. Ground 16 thus lacks any merit. Linnear has not made a substantial showing of the denial of a constitutional right in regard to Ground 16 and he has not shown that Ground 16 deserves further encouragement on appeal.

**CONCLUSION**

Based on the foregoing analysis, we deny Linnear's request for a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 29, 2007